Filed 2/18/22  Johnson v. FCI Lender Services CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ARDREDA JOHNSON, | |
| Plaintiff and Appellant, | E076753 |
| v. | (Super.Ct.No. CIVDS1805686) |
| FCI LENDER SERVICES, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Ardreda Johnson, in pro. per., for Plaintiff and Appellant.

Aldridge Pite, Laurel I. Handley, and Timothy R. Pomeroy for Defendants and Respondents.

Ardreda Johnson filed this action against FCI Lender Services, Inc. and Crosby Capital USA LLC (collectively FCI) to enjoin them from foreclosing on her home.  The trial court granted judgment on the pleadings in favor of FCI, but it gave Johnson 20

1

days' leave to amend. Johnson failed to do so. The trial court therefore dismissed the action.

About a year and a half later, Johnson filed a motion to vacate the judgment based on fraud. The trial court denied the motion, finding no fraud.

Johnson appeals. She claims that she failed to amend her complaint because the attorney who had been hired to make a special appearance for her reported, falsely, that she had not been given leave to amend. The trial court, however, reasonably found that this was not true. She also claims that FCI misrepresented its right to foreclose. She was already of this opinion, however, as she had alleged it in her complaint; it did not cause or contribute to her failure to amend. Hence, we will affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Johnson filed this action in March 2018. She was represented by Attorney Jamie Wright.

The operative (first amended) complaint asserted causes of action for violation of the Rosenthal Act (Civ. Code, § 1788 et seq.), foreclosure statutes (Civ. Code, §§ 2924, subd. (a)(6), 2924.17), and the Unfair Competition Law (Bus. & Prof. Code, § 17200), and for intentional infliction of emotional distress and injunctive relief.

The trial court denied Johnson's application for a temporary restraining order. In July 2018, FCI foreclosed on Johnson's home.

2

FCI filed a motion for judgment on the pleadings. At the hearing on the motion, Attorney Yu Yang made a special appearance in place of Attorney Wright. Yang requested a continuance, which was denied. The trial court granted the motion — without leave to amend on two causes of action, but with 20 days leave to amend on three causes of action. It issued an order to show cause (OSC) re dismissal. The court clerk gave notice of the ruling by mail to Wright.

Johnson failed to file an amended complaint. In February 2019, her counsel failed to appear at the hearing on the OSC. The trial court dismissed the action without prejudice. FCI filed a notice of ruling. (Johnson has not included the notice of ruling itself in the appellate record.)

In July 2020, Johnson — now in propria persona — filed a motion to vacate the judgment of dismissal based on fraud.

In support, Wright testified that Yang had told her that the motion for judgment on the pleadings had been granted with prejudice. Yang also failed to tell Wright about the OSC re dismissal. Wright denied receiving any notice of ruling or notice of entry of judgment.

Wright also filed the declaration of a Florida attorney stating that, in his opinion, (1) FCI did not have a clear chain of title, and (2) FCI had recorded false and misleading documents as part of its chain of title.

3

The motion did not argue that Johnson was entitled to relief based on *Yang's* fraud. Rather, it argued that the relevant fraud consisted of *FCI's* misrepresentations that it had the right to foreclose.

In opposition, FCI argued, among other things, "There is no fraud."

The trial court denied the motion. It explained, "The Court does not find that there was any fraud."

II

APPEALABILITY

In her opening brief, Johnson asserted that she was appealing from an appealable postjudgment order. On our own motion, we ordered her to file a supplemental brief regarding appealability. Having now considered her supplemental brief, we agree that the order is appealable.

"'As a general rule, orders denying a motion to vacate are not appealable, because any assertions of error can be reviewed on appeal from the judgment itself. To hold otherwise would effectively authorize two appeals from the same decision. [Citations.]' [Citation.]" (*Scognamillo v. Herrick* (2003) 106 Cal.App.4th 1139, 1146, disapproved on other grounds in *Lewis v. Ukran* (2019) 36 Cal.App.5th 886, 895.)

"However, there are several *exceptions* to the nonappealability rule[.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) Appealable Judgments and Orders, ¶ 2:170, p. 2-124.) Among other things, "[a]n order denying a motion to vacate is . . . appealable if there was no effective appeal from the judgment —

4

e.g., if the record made at the time of the judgment did not disclose the grounds for appeal." (*Id.*, ¶ 2.176, p. 2-126.) "Thus, it has been held that an appeal will lie from an order denying a motion to vacate a judgment obtained by *extrinsic fraud or mistake . . .* because the record on appeal from the judgment would not disclose those grounds. [Citation.]" (*Id.*, ¶ 2:176.1, p. 2-126; accord, *Hudson v. Foster* (2021) 68 Cal.App.5th 640, 660-661; *Cope v. Cope* (1964) 230 Cal.App.2d 218, 228-229.)

## III

## EQUITABLE RELIEF FROM A JUDGMENT BASED ON EXTRINSIC FRAUD

Johnson contends that the trial court erred by denying her motion to vacate the judgment of dismissal.

### A.     *General Principles*.

"[T]he trial court may give equitable relief from an otherwise valid judgment for extrinsic fraud or mistake.  [Citation.]" (*In re Marriage of Thorne & Raccina* (2012) 203 Cal.App.4th 492, 501.)

"Equitable relief may be based on extrinsic fraud, which 'usually arises when a party is denied a fair adversary hearing because he has been "deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense."'  [Citation.]  It occurs when ""the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts

5

of the plaintiff.'" [Citation.] In those situations, there has not been "a real contest in the trial or hearing of the case," and the judgment may be set aside to open the case for a fair hearing. [Citation.]' [Citation.]"

"'""Extrinsic mistake involves the excusable neglect of a party. [Citation.] When this neglect results in an unjust judgment, without a fair adversary hearing, and the basis for equitable relief is present, this is extrinsic mistake. [Citation.]"' [Citation.]' [Citation.]" (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 910-911.)

"A motion to vacate a judgment for extrinsic fraud is not governed by any statutory time limit, but rather is addressed to the court's ""'inherent equity power'"" to grant relief from a judgment procured by extrinsic fraud. [Citations.]" (*Department of Industrial Relations v. Davis Moreno Construction, Inc.* (2011) 193 Cal.App.4th 560, 570-571.)

"[T]he trial court's findings of fact pertaining to the existence of extrinsic fraud or extrinsic mistake are reviewed for substantial evidence. But our overall review of the trial court's application of those findings is for an abuse of discretion." (*Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 28.)

B.     *Yang's Alleged Misrepresentation*.

As mentioned, Johnson did not argue in the trial court that she was entitled to relief based on Yang's misrepresentation. What is more, she does not so argue in this court. "'An appellant's failure to raise an argument in its opening brief waives the issue

6

on appeal.' [Citation.]" (*Western Growers Association v. Occupational Safety and Health Standards Board* (2021) 73 Cal.App.5th 916, 947.)

If only out of an excess of caution, then, we note that she has not shown that she was entitled to relief based on Yang's misrepresentation. The trial court found that there was no fraud. This finding is supported by substantial evidence. The court clerk gave written notice to Wright that Johnson had been given 20 days' leave to amend. Likewise, FCI gave written notice to Wright that the action had been dismissed. Wright testified that she never received either notice. However, the trial court, as trier of fact, could properly disbelieve her. It was unlikely that two notices would both get lost in the mail.

Also, it is not credible that Wright relied on Yang's misstatement. She would have expected to receive some kind of notice, both of the ruling on the motion and of the dismissal. When they did not arrive, presumably she would have made some kind of inquiry, if only so she could get some paperwork to put in her file before closing it out. At a minimum, the trial court could reasonably so find.

C.    *FCI's Alleged Misrepresentations*.

Johnson failed to show that FCI's alleged misrepresentations prevented her from presenting a defense, in two respects.

First, she was well aware of the alleged misrepresentations. In her operative complaint, she alleged that FCI "falsely represented that [it] ha[d] the legal authority and right to attempt to collect a debt and proceed with a nonjudicial action against her Property . . . ." She "adamantly dispute[d] the contents and truthfulness" of various

7

documents in FCI's chain of title. "Defendants have failed to provide an adequate chain of title that would demonstrate their authority to proceed with a nonjudicial foreclosure . . . ." They had "[e]xecut[ed], manufactur[ed], creat[ed] and record[ed] false, fraudulent, forged and misleading deeds, assignments, [and] notice of sale/default documents . . . ."

We need not decide whether the alleged flaws in FCI's chain of title that were alleged in the complaint were identical to those identified by the Florida attorney. Clearly Johnson was not relying on FCI's claim that it had the right to foreclose.

Second, even assuming that Johnson did rely, her reliance did not prevent her from prosecuting the action. According to her, the only reason why she failed to file an amended complaint was that Yang falsely reported that she had not been given leave to amend. Her failure had nothing to do with FCI's alleged misrepresentations.

We therefore conclude that the trial court did not abuse its discretion by denying Johnson's motion for equitable relief.

IV

FCI'S REQUEST FOR JUDICIAL NOTICE

FCI asked the trial court to take judicial notice of 11 documents that were either recorded documents, court filings, or documents that had been attached as exhibits to court filings. FCI used these documents to support its discussion of the history of the loan. Johnson filed an opposition to the request for judicial notice. The trial court nevertheless granted the request.

8

Johnson contends that the trial court erred by granting FCI's request for judicial notice. We need not decide this question. The trial court denied Johnson's motion to vacate the judgment for reasons that had nothing to do with these documents. Moreover, we have not considered these documents in any way. It follows that the asserted error was not prejudicial. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475; *Elsner v. Uveges* (2004) 34 Cal.4th 915, 939.)

V

DISPOSITION

The order appealed from is affirmed. FCI is awarded costs on appeal against Johnson.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

9